THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JADAH DILLARD, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAVERIK, INC., a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00285-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

District Judge Ted Stewart referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Maverik, Inc.'s ("Maverik") motion to stay and/or bifurcate discovery.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. For the reasons set forth below, the court denies Maverik's motion.

**BACKGROUND**

Plaintiff Jadah Dillard ("Ms. Dillard") brings this collective action against Maverik for Maverik's alleged failure to comply with the Providing Urgent Maternal Protections for Nursing Mothers Act ("PUMP Act"), which amended the Fair Labor Standards Act of 1938 ("FLSA") to

---

[1] ECF No. 9.

[2] ECF No. 26.

expand access to breastfeeding accommodations in the workplace.[3] The PUMP Act requires an employer to provide (1) a reasonable break time for an employee to pump breast milk as needed and; (2) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used to pump breast milk.[4] Ms. Dillard worked at a Kum & Go in Arkansas which was owned by Maverik.[5] Ms. Dillard alleges that she informed her managers she was a new mother and would need to pump breast milk at work.[6] Ms. Dillard alleges that, despite this knowledge, her managers failed to take any action to accommodate her by providing her with a secure, private space, and reasonable breaks to pump.[7] Ms. Dillard seeks to bring a nationwide collective action on behalf of current and former Maverik employees who also allegedly did not receive necessary accommodations under the PUMP Act.[8]

Shortly after Ms. Dillard filed her complaint, the court entered an order to propose schedule ("OPS") instructing Ms. Dillard to propose a schedule to Maverik in the form of a draft Attorney Planning Meeting Report ("APMR") within 14 days *after* Maverik filed its answer.[9] The parties were ordered to conduct their planning conference under Fed. R. Civ. P. 26(f) within 14 days *after* Ms. Dillard provided Maverik with a draft APMR.[10] However, the OPS also stated

---

[3] ECF No. 1 at 2.

[4] 29 U.S.C. § 218d(a).

[5] ECF No. 1 at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 6.

[9] ECF No. 12 at 1.

[10] *Id.* at 2.

that, if the answer is filed 60 days after Maverik has appeared because the parties were waiting for the resolution of a pending motion, the court finds good cause to delay the issuance of a scheduling order until after the resolution of the motion.[11] Therefore, if Maverik filed a dispositive motion in response to Ms. Dillard's complaint, the parties' obligation to participate in the Rule 26(f) conference would be temporarily stayed until this motion was resolved. However, the OPS also noted that "discovery begins after the conclusion of the Fed. R. Civ. P. 26(f) conference."[12]

Maverik filed a motion to dismiss[13] and, two weeks later, counsel participated in the Rule 26(f) conference.[14] At the conference, the parties could not agree on whether discovery should be stayed pending the resolution of Maverik's motion to dismiss and, if not, whether discovery should be bifurcated as to Ms. Dillard's claims and claims relating to the putative collective.[15] If the court chooses not to stay discovery while Maverik's motion to dismiss is pending, Maverik seeks to conduct discovery in two phases: (1) an initial phase of discovery on the merits of Ms. Dillard's individual claims and, if necessary; (2) a second phase related to class certification.

Consequently, Maverik filed the instant motion to stay and/or bifurcate discovery.[16] At the parties' request, the court held an initial scheduling conference and, there, postponed the entry of a scheduling order pending full briefing of Maverik's motion to stay and/or bifurcate

---

[11] *Id.* at 1 n.2.

[12] *Id.* at 5.

[13] ECF No. 19.

[14] ECF No. 22 at 1.

[15] *Id.*

[16] ECF No. 26.

discovery.[17] Based upon the analysis set forth below, the court denies Maverik's request to stay discovery pending the resolution of Maverik's motion to dismiss because discovery began after the conclusion of the Rule 26(f) conference. Additionally, the court finds that the bifurcation of discovery in this case is inappropriate and inefficient.

## ANALYSIS

### I. Maverik Waived Requesting a Stay of Discovery by Engaging in the Rule 26(f) Conference.

Maverik waived requesting a stay of discovery by engaging in the Rule 26(f) conference, which triggered discovery's start. "[W]aiver is accomplished by intent . . . . We typically find waiver in cases . . . where a party attempts to reassert an argument that it previously raised and abandoned below."[18] Maverik seeks to reassert a stay that it has voluntarily rejected.

Maverik had a stay of discovery under the court's OPS upon filing a motion to dismiss.[19] Despite already having attained a stay of discovery, Maverik voluntarily engaged in the very process that ended that stay and commenced discovery (i.e., a Rule 26(f) conference). By engaging in action that revoked the stay of discovery, Maverik voluntarily waived that stay and cannot reassert it now.

Nevertheless, Maverik claims that a stay is warranted because its dispositive motion will be successful.[20] This optimistic belief is inadequate to undo what Maverik's actions have conclusively established, namely: Maverik had a stay, took action to end the stay, and now wants

---

[17] ECF No. 27.

[18] *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008).

[19] ECF No. 12 at 1 n.2.

[20] ECF No. 26 at 2-3.

to reimpose a stay that it previously rejected because its motion is likely to win.[21] Maverik knew it would move to dismiss this action before filing an answer and, presumably, read the OPS that a stay of discovery existed until after Maverik filed an answer. That Maverik engaged in the Rule 26(f) conference despite its motion shows that Maverik voluntarily decided to engage in discovery under the OPS and Fed. R. Civ. P. 26(f). Therefore, Maverik's motion to stay is denied.

II.   **Bifurcation of Discovery is Inappropriate.**

Because Maverik voluntarily engaged in a Rule 26(f) conference, discovery has begun, and a scheduling order should be entered notwithstanding the pending motion to dismiss. That scheduling order will not bifurcate discovery between the merits of Ms. Dillard's claims and class certification. Rule 26(b) allows the court to conduct discovery in a way that is proportional to the needs of the case. When considering whether to bifurcate class discovery and a plaintiff's claims, courts will consider "(1) [the] overlap between individual and class discovery, (2) whether bifurcation will promote [Fed. R. Civ. P. 23's] requirement that certification be decided at 'an early practicable time,'(3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery."[22]

Class certification is proper only if the court "is satisfied, after a rigorous analysis, that the pre-requisites of Rule 23(a) have been satisfied."[23] To certify the class, Ms. Dillard must establish that "the questions of law or fact common to class members predominate over any

---

[21] *See, e.g.*, *Boulder Falcon, LLC v. Brown*, No. 2:22-CV-00042-JNP-JCB, 2022 WL 1202698, at *3 (D. Utah Apr. 22, 2022). ("Defendants' claim that it is 'likely' that their dispositive motion will be successful is an assumption that is inadequate to justify imposing a stay on discovery.").

[22] *Klassen v. SolidQuote LLC*, No. 2:23-CV-00318-GPG-NRN, 2023 WL 5497865, at *2 (D. Colo. Aug. 23, 2023) (quotation and citation omitted).

[23] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (citation omitted).

questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[24] Oftentimes, the class determination "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."[25] Thus, "courts are reluctant to bifurcate class-related discovery from discovery on the merits."[26] "This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"[27] and can result in "petty [] fights over what constitutes merits discovery versus class discovery."[28] Applying the factors outlined in *Klassen*, the court finds that bifurcation is inappropriate given the lack of clear-cut division between merits discovery and class discovery in this case.

As to the first factor, the court finds significant overlap between individual and class discovery. Ms. Dillard argues that the following will be needed for both merits and class certification discovery:

> [Maverik's] overall policies, procedures, and training related to lactation accommodation. Documents like company handbooks, training materials, internal emails, and communications with employees about pumping accommodations . . . [Maverik's] break policies, schedules, and access to break facilities (including bathrooms, break rooms, and designated pumping rooms).[29]

---

[24] Fed. R. Civ. P. 23(b)(3).

[25] *Wal-Mart Stores, Inc.*, 564 U.S. at 351 (quotation and citation omitted).

[26] *Klassen*, 2023 WL 5497865, at *2 (quotation and citation omitted).

[27] *Id.*

[28] *Id.* at *3.

[29] ECF No. 28 at 10.

Additionally, Ms. Dillard contends that "[k]ey witnesses may have knowledge that will substantially inform both 'collective' and 'individual' discovery, and it is neither practical nor efficient to depose such witnesses twice."[30] The court agrees that bifurcation could lead to this unnecessary duplication. Further, given the substantial overlap between individual and class discovery, if the court adopted Maverik's bifurcation proposal, the parties would likely fight over what constitutes merits discovery versus class discovery, wasting more time and resources than bifurcation will allegedly save.

As to the second factor, staying discovery related to class certification does not promote Rule 23's requirement that certification be decided at "an early practicable time,"[31] particularly when Maverik proposes waiting for a ruling on its motion to dismiss for an unforeseeable amount of time before proceeding to class discovery. As to the third factor, as previously mentioned, phased discovery would likely result in motion practice about whether discovery is class-certification or merits-related—disagreements that would not promote judicial efficiency.

As to the final factor, Maverik argues that discovery related to the putative collective action is "extremely burdensome" to Maverik,[32] but Maverik provides no basis for this assertion besides (1) a dispositive motion is pending and; (2) Ms. Dillard "presumably seeks discovery of extensive information relating to employees, current and former, not employed at the same location as [Ms. Dillard]" "automatically increas[ing] . . . costs for the parties."[33] However,

---

[30] *Id.*

[31] Fed. R. Civ. P. 23(c)(1)(A).

[32] ECF No. 26 at 3.

[33] *Id.* at 5.

Maverik appears to argue that the discovery Ms. Dillard seeks is neither relevant nor proportional to the claims and defenses and the needs of the case. But this argument puts the cart before the horse. This order decides only that discovery is appropriate and that discovery will not be bifurcated. Maverik is free to argue for a protective order upon receiving Ms. Dillard's discovery request after meeting and conferring with opposing counsel. The court lacks specific requests upon which to judge the relevance or proportionality of future discovery. Taken together, these factors weigh in favor of entering a unified discovery schedule. Therefore, the court DENIES Maverik's motion.[34]

IT IS SO ORDERED.

DATED this 11th day of September 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[34] ECF No. 26.