IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JADAH DILLARD, an individual on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MAVERIK, INC., a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING MOTION TO STAY AND DENYING MOTION TO STAY AS MOOT<br><br>Case No. 2:24-cv-285-TS-JCB<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter is before the Court on Defendant's Rule 72(a) Objection to the Honorable Magistrate Judge Bennett's Order on Defendant's Motion to Stay and/or Bifurcate Discovery[1] and Defendant's Motion to Stay Honorable Magistrate Judge Bennett's Order on Defendant's Motion to Stay and/ Bifurcate Discovery.[2] The Court will overrule the Objection and deny the Motion as moot.

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the Court reviews a magistrate judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard.[3] In reviewing a magistrate judge's nondispositive order, a district court must "modify or set aside any part of the order that is clearly erroneous or is

---

[1] Docket No. 32.

[2] Docket No. 37.

[3] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

contrary to law."[4] "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[5]

The Court has carefully reviewed the Magistrate's Order, Defendant's Objection thereto, the underlying briefing, and the relevant statutes and case law. Having done so, the Court cannot conclude that the Magistrate Judge's decision regarding the Motion was clearly erroneous or contrary to law. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."[6] Regardless of whether Defendant waived its right to move for a stay of discovery, the Court does not find that Defendant "demonstrate[d] a clear case of hardship or inequity"[7] if it was to engage in the discovery process or that the relevant factors weigh in favor of a stay.[8]

---

[4] Fed. R. Civ. P. 72(a).

[5] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[6] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[7] *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotation marks and citation omitted); *see also White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015) (internal quotation marks and citation omitted) ("The party seeking a stay generally faces a difficult burden."); *SWEPI, LP v. Mora Cnty., N.M.*, No. CIV 14-0035 JB/SCY, 2014 WL 7474084, at *15 (D.N.M. Dec. 19, 2014) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("[W]here a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others.").

[8] *Martin v. SGT Inc.*, No. 2:19-cv-00289, 2019 WL 12043488, at *2 (D. Utah Aug. 21, 2019) (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) ("When exercising discretion, relevant factors to consider include: '(1) the interest of the plaintiff in proceedings expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience of the Court of staying discovery; (4) the interest of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.").

It is therefore

ORDERED that Defendant's Objection (Docket No. 32) is OVERRULED; It is further

ORDERED that Defendant's Motion to Stay (Docked No. 37) is DENIED as moot.

DATED October 21, 2024.

BY THE COURT:

TED STEWART
United States District Judge