IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JADAH DILLARD,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KUM & GO, L.C.,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>Case 2:24-cv-285-TS-JCB<br><br>District Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter is before the Court on Defendant Kum & Go, L.C.'s[1] Motion to Dismiss for Failure to State a Claim.[2] For the reasons stated below, the Court will grant the Motion in part and deny it in part. Additionally, the Court grants leave for Plaintiff to file an amended complaint.

## I.  BACKGROUND

On April 19, 2024, Plaintiff Jadah Dillard filed a collective action[3] Complaint on behalf of herself and others similarly situated, alleging Defendant violated the Fair Labor Standards Act ("FLSA") and the Providing Urgent Protections for Nursing Mothers Act (the "PUMP Act").

---

[1] Maverik, Inc., a Utah corporation, was named as Defendant in the Complaint. On January 13, 2025, the parties filed a Joint Motion to Substitute Party, seeking to replace Maverik with Kum & Go, L.C., which the parties agree is the proper Defendant. The parties further agree that "all prior pleadings, orders, motion papers, and decisions in this matter apply to and/or incorporate . . . Kum & Go, L.C., in their entirety." Docket No. 46, at 2.

[2] Docket No. 19.

[3] *See* 29 U.S.C.A. § 216(b) (permitting "[a]n action to recover the liability . . . against any employer . . . by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated"). Plaintiff's claimed FLSA collective "consists of all persons who have been or currently are employed at a Maverik . . . since December 29, 2022, who (1) were or are lactating[;] (2) were or are non-exempt employees;" (3) and were denied their rights under the PUMP act. Docket. No. 1 ¶ 84.

The facts alleged in the Complaint include the following. Plaintiff gave birth to her child in October 2023.[4] Several months later, in December 2023, Plaintiff started working as a cashier at a Kum & Go store located in Arkansas (the "store").[5] Prior to starting her position, Plaintiff told both the store's general manager and her training manager that she would need to pump breastmilk during her shifts.[6]

Plaintiff was initially provided "informal breaks" by the store's assistant manager, Phillip, during her shifts.[7] However, a subsequent manager, Caleb, did not ensure Ms. Dillard had sufficient coverage to take breaks.[8] During her Sunday shifts, she was often the only employee at the store, which meant she was unable to take any breaks.[9] Without coverage or breaks, Plaintiff was forced to pump behind the register while working.[10] This resulted "in her being visible to customers on several occasions, causing her significant embarrassment."[11] Further, without being provided breaks, Plaintiff found it difficult to maintain a consistent pumping schedule.[12]

Additionally, Defendant did not provide Plaintiff with a designated space to pump.[13] Despite lacking a designated pumping space, Plaintiff attempted to pump discreetly during her

---

[4] Docket No. 1, ¶ 7.
[5] *Id.* ¶ 73.
[6] *Id.* ¶ 74.
[7] *Id.* ¶ 76.
[8] *Id.*
[9] *Id.* ¶ 74.
[10] *Id.*
[11] *Id.* ¶ 75.
[12] *Id.* ¶76.
[13] *Id.* ¶¶ 74–75.

shift by either going into the bathroom, using a wearable pump, or pumping behind the cash register.[14]

Under these conditions, Plaintiff experienced a reduction in milk supply, "which caused her great distress,"[15] "personal anguish," and pain caused by "engorgement."[16] Eventually, the stress and logistical challenges Plaintiff faced regarding her ability to pump caused her milk supply to dry up, and she made the decision to switch her child to formula.[17]

Plaintiff's Complaint asserts Defendant violated the FLSA and PUMP Act by: (Count 1) failing to provide "a reasonable break time for an employee to express breast milk for such employee's nursing child;"[18] and (Count 2) failing to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk."[19] On June 17, 2024, Defendant filed the instant Motion seeking dismissal of both causes of action.

## II.  LEGAL STANDARD

When evaluating a complaint under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[20] The plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[21] which requires "more than an unadorned,

---

[14] *Id.* ¶ 75.
[15] *Id.* ¶ 77.
[16] *Id.* ¶ 78.
[17] *Id.*
[18] 29 U.S.C. § 218d(a)(1).
[19] 29 U.S.C. § 218d(a)(2).
[20] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

the-defendant-unlawfully-harmed-me accusation."[22] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[23]

In considering a motion to dismiss, a district court considers the complaint, any attached exhibits,[24] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[25] The Court may also consider other documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[26]

### III.  DISCUSSION

a.  *Claim 1: Failure to Provide Reasonable Break Time*

Plaintiff's first cause of action alleges that Defendant failed to provide Plaintiff reasonable break time to express breast milk in violation of § 218d(a)(1) of the PUMP Act. Defendant argues that Plaintiff's first cause of action fails to state a plausible claim under § 218d(a)(1) because she failed to allege: that Defendant "denied her breaks when she requested them;" that "she discussed the timing and frequency of the breaks she would need" with Defendant; that she "notified [Defendant] of any difficulty scheduling breaks to pump;" that Defendant "had reason to know she not have adequate break time to express breast milk;" or that

---

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[23] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[24] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[25] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[26] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

she "complained orally or in writing to [Defendant] about any alleged inadequacy of break times to express breast milk."[27]

Section 218d(a)(1) provides: "An employer shall provide . . . a reasonable break time for an employee to express breast milk for such employee's nursing child for 1 year after the child's birth each time such employee has need to express the milk." There is no controlling case law stating the requirements of a claim under § 218d(a)(1). The Court must, therefore, apply principles of statutory construction to address Defendant's argument. "When interpreting a statute, [courts] begin by examining the statute's plain language, and if the statutory language is clear, [the court's] analysis ordinarily ends."[28] Indeed, "[i]t is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of a statute controls."[29]

The requirements of § 218d(a)(1) are not ambiguous. The statute plainly provides that the employer "shall provide" pumping breaks to nursing employees whenever the employee "has need to express the milk." The statute does not include any notice requirement. To interpret the statute to require the employee to "discuss[] the timing and frequency of the breaks she would need" or provide any type of formal or informal complaint, as Defendant argues, would violate a "a fundamental principle of statutory interpretation that 'absent provisions cannot be supplied by the courts.'"[30] Accordingly, the Court will not do so.

---

[27] Docket No. 19, at 5.

[28] *Seale v. Peacock*, 32 F.4th 1011, 1024 (10th Cir. 2022) (internal quotation marks and citation omitted).

[29] *Edwards v. Valdez*, 789 F.2d 1477, 1481 (10th Cir. 1986).

[30] *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 677 (2020) (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019)).

This interpretation is further supported by a full reading of the PUMP Act. As will be discussed below, 29 U.S.C. § 218d(g)(1) provides that, prior to bringing a claim under § 218d(a)(2), the employee must "notify the employer" of its failure to provide a sufficient pumping space, as required by the statute, and give the employer 10 days to comply with the statute. Another standard principle of statutory interpretation provides that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."[31] Because the PUMP Act includes a clear notice requirement as to claims brought under § 218d(a)(2), the space requirement, but does not include a notice requirement for § 218d(a)(1), the break requirement, the Court will presume Congress purposefully omitted a notice requirement from § 218(a)(1).

In support of reading a notice requirement into the statute, Defendant cites to language from the Federal Register stating that "[n]ursing employees are encouraged to discuss with their employers what they expect they will need in terms of frequency and timing of breaks to express milk."[32] The Federal Register's "encouragement" of employees to discuss their needs with employers is insufficient to overcome plain statutory language.

Defendant also cites to *Kasten v. Saint-Gobain Performance Plastics Corp.*,[33] wherein the Supreme Court determined that, "[t]o fall within the scope of the antiretaliation provision [of the FLSA], a complaint must be sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the statute" because "it is difficult to see

---

[31] *Dean v. United States,* 556 U.S. 568, 573 (2009) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

[32] Docket No. 19, at 4 (quoting Reasonable Break Time for Nursing Mothers, 75 Fed. Reg. 80073, 80075 (Dec. 10, 2010)).

[33] 563 U.S. 1 (2011).

how an employer who does not (or should not) know an employee has made a complaint could discriminate *because* of that complaint."[34] Because Plaintiff does not bring a claim for retaliation, this caselaw is irrelevant.

Defendant also argues that the Americans with Disabilities Act ("ADA") is "instructive" because "the Tenth Circuit has yet to address the specific requirements to state a claim under 29 U.S.C. § 218d."[35] Under the ADA, employees are charged with notifying employers of "the employee's disability and any resulting limitations," which triggers an "interactive process."[36] "This interactive process contemplates an affirmative obligation to undertake a good faith back-and-forth process between the employer and the employee, with the goal of identifying the employee's precise limitations and attempting to find a reasonable accommodation for those limitations."[37] No such "interactive process" is contemplated by the PUMP Act. Notably, the purpose of the ADA's interactive process is to identify an appropriate accommodation for the employee based on the employee's disclosed disability. Under the PUMP Act, the appropriate "accommodation" is clearly identified within the statute: lactating employees are to be provided breaks as needed to pump. Accordingly, the Court does not find the ADA to be instructive. Further, even if the ADA was instructive, the Tenth Circuit has instructed that an employee's notice of a request for accommodation under the ADA "need only inform the employer of the need for an adjustment due to a medical condition."[38] The allegations in the Complaint are

---

[34] *Id.* at 14.

[35] Docket No. 19, at 6.

[36] *Smith v. Midland Brake, Inc., a Div. of Echlin, Inc.*, 180 F.3d 1154, 1171 (10th Cir. 1999).

[37] *Dansie v. Union Pac. R.R. Co.*, 42 F.4th 1184, 1193 (10th Cir. 2022) (internal quotation marks and citation omitted).

[38] *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1049 (10th Cir. 2011) (internal quotation marks and citation omitted).

sufficient to support that Plaintiff informed her employee of the need for an adjustment (pumping breaks), due to her medical condition (that she was nursing her newborn child).

To the extent the employer need be aware of the employee's "need to express the milk" before it could reasonably be expected to provide the statutory required accommodation, the Complaint alleges sufficient facts to support such. As discussed above, Plaintiff's Complaint alleges that: she informed several separate managers of her need to pump; she was initially provided with informal breaks to pump; and when she stopped being provided with breaks, she wore a wearable pump, or was forced to pump behind the cash register where she could be seen.

Based on the above analysis, the Court finds Plaintiff has pleaded sufficient facts to support that she had need for work breaks to express breast milk within one year from the birth of her child, and she was not provided with the breaks she needed, as required by the plain language of § 218d(a)(1). Therefore, the Court will deny Defendant's Motion as to Plaintiff's first cause of action.

    b. *Claim 2: Failure to Provide a Space to Pump*

Plaintiff's second cause of action alleges that Defendant failed to provide her "a place, other than a bathroom, that is shielded from view and free from intrusion . . . which may be used by an employee to express breast milk" in violation of § 218(a)(2) of the PUMP Act. As explained above, § 218d(g)(1) of the PUMP Act provides that prior to bringing a claim under § 218d(a)(2), the employee must "notify the employer" of its failure to provide a sufficient pumping space and give the employer 10 days to comply with the statute.

Plaintiff argues that her disclosure to the store's managers that she would need to pump "trigger[ed] [Defendant's] affirmative duty to provide [a designated pumping space," and "[t]o

be certain, the PUMP Act does not mandate an explicit request for a space to pump."[39] However, a plain reading of the statutory language suggests otherwise. Notifying an employer of their "failure to provide the place described in [§ 218d(a)(2)]" is the explicit requirement of § 218d(g)(1)(A). Further, that the PUMP Act allows an employer 10 days to come into compliance supports that there need be a specific notifying event that triggers the running of the clock.

While Plaintiff's Complaint includes allegations that Plaintiff told her managers that she would need pumping breaks, the Complaint does not allege that Plaintiff discussed with Defendant their failure to provide a space compliant with the requirements of § 218d(a)(2). This failure is not necessarily fatal to Plaintiff's claims, however. Section 218d(g)(2) provides exceptions to the notice requirement. Relevant here, § 218d(g)(1) does not apply "in a case in which . . . the employer has indicated that the employer has no intention of providing the place described in subsection (a)(2)."[40] Plaintiff's Complaint also fails to allege facts to support application of this exception. Therefore, Plaintiff has failed to state a plausible claim of a violation of § 218d(a)(2). However, because it is feasible that Plaintiff could support such a claim, the Court will allow Plaintiff an opportunity to amend her Complaint by alleging facts that she notified her employer that she needed a place to express and provided time for compliance or that her employer indicated an intention not to comply. [41]

---

[39] Docket No. 21, at 12.

[40] 29 U.S.C. § 219d(g)(2).

[41] *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) ("The complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 19) is GRANTED in part and DENIED in part. It is further

ORDERED that Plaintiff is allowed thirty days from the date of this Order to file an amended Complaint.

DATED this 31st day of March, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge